UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CONTOUR HARDENING, INC.,                )
                                        )
             Plaintiff,                 )
                                        )
     vs.                                )      No. 1:14-cv-00026-JMS-MJD
                                        )
VANAIR MANUFACTURING, INC.,             )
                                        )
             Defendant.                 )
_____ )
                                        )
VANAIR MANUFACTURING, INC.,             )
                                        )
             Counter Claimant,          )
                                        )
     vs.                                )
                                        )
CONTOUR HARDENING, INC.,                )
                                        )
             Counter Defendant.         )
                                        )

**ORDER**

Presently pending before the Court is the parties' Joint Motion to Vacate Order on Initial

*Markman*/Claim Construction Brief. [Filing No. 99 (referencing Filing No. 80).]

Plaintiff/Counter-defendant Contour Hardening, Inc. ("CHI") and Defendant/Counter-claimant

Vanair Manufacturing, Inc. ("Vanair") have reached a comprehensive settlement and ask the Court

to vacate its claim construction order because they believe that doing so will be "fair and equitable"

and result in the parties filing a stipulation of dismissal with prejudice. [Filing No. 99 at 1-2.]

An interlocutory order that "does not end the action as to any of the claims or parties . . .

may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). Put another way, "every order short of a

final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).

A district court may vacate its own claim construction order upon settlement if the parties petition it to do so. *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008) (citing *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1329 (Fed. Cir. 2003) (Dyk, J., concurring)) ("It can be argued that the strong public interest in settlement of patent litigation would be served by allowing the parties to a settlement at the district court level to determine the collateral estoppel effect of earlier orders in the litigation."). While vacating a decision may "raise issues of public interest," courts have found it to be the appropriate remedy "[w]hen the effect on precedent is limited and when judicial resources are not squandered." *Orlowski v. Eriksen*, 2010 WL 2401938, at *2 (N.D. Ill. 2010). Factors to consider include "the public interest in the orderly operation of the federal judicial system; the parties' desire to avoid any potential preclusive effect; the court's resources that will be expended if the case continues; and the parties' interest in conserving their resources." *Cisco*, 590 F.Supp.2d at 831.

The Court concludes that these factors weigh in favor of it vacating its claim construction order in this case. Claim construction orders are not final and may be altered, edited, or supplemented, even for seemingly simple terms, all the way through trial. *Id.* at 830. Given the interlocutory nature of the decision, its effect on precedent is limited. *Id.*; *see also Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993) ("A district court decision binds no judge in any other case, save to the extent that doctrines of preclusion (not stare decisis) apply."). Instead, "its only significance is as information," *Gould*, 11 F.3d at 84, and vacatur does not affect that because "[t]he analysis and logic of the opinion may be used for whatever authority this court or another court may deem appropriate[,]" *Cisco*, 590 F. Supp. 2d at 831 ("Even if the court vacates this

2

claim construction order, whatever instructive or persuasive guidance it may provide continues to exist. . . .  It is now on the Internet, available to anyone with a computer.").

By granting the parties' joint request, however, the Court is confirming that the claim construction order has no preclusive effect on future litigation.  Whatever possible limited collateral estoppel effect this has is outweighed by the strong public interest the parties and the Court have in conserving their resources.  [*See* Filing No. 100 (representing that if the claim construction order is not vacated, CHI will petition for partial final judgment and appeal to Federal Circuit).]  While the Court would have preferred if the parties could have reached an agreement before it spent its resources preparing for the claim construction hearing and ruling, it still concludes that the factors weigh in favor of vacatur.  [Filing No. 80.]  The Court's resources are certainly better saved for cases that, unlike this one, will not be resolved through settlement at an interlocutory stage.

For these reasons, the Court **GRANTS** the parties' Joint Motion to Vacate Order on Initial *Markman*/Claim Construction Brief.  [Filing No. 99.]  The Clerk is directed to **VACATE** the Court's Claim Construction Order, [Filing No. 80], and the parties are **ORDERED** to file a stipulation of dismissal within **thirty days**.

Date:  February 23, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

C. John Brannon
BRANNON SOWERS & CRACRAFT PC
jbrannon@bscattorneys.com

Steven G. Cracraft
BRANNON SOWERS & CRACRAFT PC
scracraft@bscattorneys.com

Tejas  Shah
BRANNON SOWERS & CRACRAFT PC
tshah@bscattorneys.com

John C. McNett
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
jmcnett@uspatent.com

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com